IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CT-3311-M

SIDDHANTH SHARMA,

        Plaintiff,

v.

                                  ORDER

JOHN SAPPER, DEMETRIUS CLARK,
FELIX TAYLOR, DEAN HEFFERNAN,
CASANDRA SKINNER HOEKSTRA,

        Defendants.

Plaintiff, a state inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter is now before the court on plaintiff's motions for preliminary and immediate injunctive relief (D.E. 2), for preliminary injunction and temporary restraining order ("TRO") (D.E. 3), and motion for default (D.E. 9).

A.    Motions for Preliminary Injunction and TRO (D.E. 2, 3)

Plaintiff seeks an injunction and TRO dissolving the contract for mail processing between Bertie Correctional Institution ("Bertie CI") and TextBehind LLC and ordering the administration at Bertie CI not to transfer plaintiff. (Mot. Prelim. Inj. (D.E. 2) at 17; Mot. for TRO (D.E. 3) at 22–23). Plaintiff asserts that the contract violates his and other inmates' constitutional rights because TextBehind LLC does not process legal mail. (Mot. Prelim. Inj. (D.E. 2) at 8; Mot. for TRO (D.E. 3) at 10–12). However, it appears from plaintiff's filings that legal mail must be mailed directly to inmates. (See Attach. to Mot. Prelim. Inj. (D.E. 2-1) at 7; Mot. for TRO (D.E. 3) at 26).

The standard for a temporary restraining order is the same as the standard for granting a

preliminary injunction. See U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006) (noting that a temporary restraining order is distinguishable from a preliminary injunction only in duration). To obtain relief, plaintiff "must establish that [1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of . . . relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). Issuing an injunction "based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that only be awarded upon clear showing that the plaintiff is entitled to such relief. Id. at 22 (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997).

Here, plaintiff has not demonstrated a likelihood that he will succeed on the merits of his complaint. Also, public interest is best served by the court not interfering with prison staff's administrative decisions prior to the claims being addressed on the merits. See Florence v. Board of Chosen Freeholders of Cnty of Burlington, 566 U.S. 318, 328 (2012) (recognizing the need for prison officials to set certain procedures to preserve order and discipline). Therefore, the plaintiff's motions are denied.

B.  Motion for Entry of Default (D.E. 9)

The clerk must enter a party's default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). However, a defendant's answer is not due until after that defendant has been served with the summons and complaint. See Fed. R. Civ. P. 12. Because no defendant has been served with

the summons and complaint in this action, no answer is yet due. Thus, the court will deny without prejudice the motion for entry of default.

## CONCLUSION

Based on the foregoing, plaintiff's motions for preliminary and immediate injunctive relief (D.E. 2), for preliminary injunction and temporary restraining order (D.E. 3), and motion for default (D.E. 9) are DENIED.

SO ORDERED, this the 15th day of December, 2021.

Richard E Myers II
RICHARD E. MYERS, II
Chief United States District Judge

3