IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CT-3311-M

SIDDHANTH SHARMA,         )
                          )
           Plaintiff,     )
                          )
    v.                    )
                          )         ORDER
JOHN SAPPER, DEMETRIUS CLARK, )
FELIX TAYLOR, DEAN HEFFERNAN, )
CASANDRA SKINNER HOEKSTRA, )
TEXTBEHIND, LLC, STEPHEN  )
CLARK, CHRISTOPHER ADAMS, )
STEVEN BETHEA, OFFICER QUICK, )
OFFICER KERSTETTER, NORTH )
CAROLINA BOARD OF ELECTIONS, )
                          )
           Defendants.[1] )

Plaintiff, a state inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter is now before the court for initial review under 28 U.S.C. § 1915A(b). Also before the court are plaintiff's motions to amend (D.E. 4), for supplemental pleading and joinder of parties (D.E. 6, 11), for temporary restraining order and preliminary injunctive relief (D.E. 11), and for writ of mandamus (D.E. 13).

A.   Motions to Amend Complaint (D.E. 4, 6, 11)

The court begins by addressing plaintiff's motion to amend and motions for supplemental pleading and joinder of parties, which the court construes as motions to amend. Plaintiff's motions are granted as a matter of course. See Fed. R. Civ. P. 15(a). Additionally, the court has

---

[1] Plaintiff seeks to add defendants TextBehind, LLC, Stephen Clark, Christopher Adams, Steven Bethea, Officer Quick, Officer Kerstetter, and North Carolina Board of Elections in his motions to amend his complaint (D.E. 4, 6, 11). The court will grant this motion and will direct the clerk to add these defendants to the docket.

reviewed and considered the allegations in the original complaint, and motions to amend in conducting the initial review set out below.

B.      Initial Review

   i.      Legal Standard

The court next addresses the initial review of plaintiff's claims. When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). A pro se plaintiff's pleading, however, must contain "more than labels and conclusions," see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), and the court need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

2

committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

ii. Background

Plaintiff contends that defendants violated his First, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. Plaintiff names the following defendants in this action: John Sapper ("Sapper"), Superintendent of Bertie Correctional Institution ("Bertie CI"); Demetrius Clark ("Demetrius Clark"), Acting Warden of Bertie CI; Felix Taylor ("Taylor"), Disciplinary Hearing Officer at Bertie CI; Dean Heffernan ("Heffernan"), a sergeant at Bertie CI; Cassandra Skinner Hoekstra ("Hoekstra"); Interim Secretary for the North Carolina Department of Public Safety; TextBehind LLC; Stephen Clark ("Stephen Clark"), Warden of Scotland Correctional Institution ("Scotland CI"); Christopher Adams ("Adams"), Warden and Superintendent of Scotland CI; Steven Bethea ("Bethea"), a sergeant at Scotland CI; Officer Quick ("Quick"), a sergeant at Scotland CI; Officer Kerstetter ("Kerstetter"), a sergeant at Scotland CI; and the North Carolina Board of Elections ("NCBE"). (Compl. (D.E. 1) at 3–5; First Mot. to Am. (D.E. 1) at 1; Second Mot. to Am. (D.E. 6) at 3; Mot. for TRO and Am. (D.E. 11) at 1–2).

Plaintiff alleges that, while at Bertie CI, defendant Taylor violated his fourteenth amendment rights when plaintiff pleaded not guilty to possessing a cell phone, and defendant Taylor kicked him out of a disciplinary hearing. (Compl. (D.E. 1) at 6). Plaintiff was then found guilty without being allowed to call witnesses and dispute evidence. (Id.) Plaintiff also contends

3

defendant Clark placed inmates that refused to be vaccinated against COVID-19 in isolation, which contributed to plaintiff's inability to challenge the disciplinary hearing decision. (Id.). Plaintiff also alleges he was sexually assaulted by defendant Heffernan when he was searched excessively. (Id.; Second Mot. Am., Aff. Part 1 (D.E. 6-1) at 1).

Plaintiff further contends that he was transferred to Scotland CI in retaliation, and upon arrival, defendants Bethea, Quick, and Kerstetter confiscated his legal mail. (Second Mot. Am., Aff. Part 2 (D.E. 6-2) at 3). Defendant Adams is continuing to deny plaintiff his mail. (Second Mot. Am. (D.E. 6) at 2).

As noted, plaintiff also brings claims against defendants TextBehind and NCBE. He alleges defendant TextBehind has violated his constitutional right because it does not process legal mail. Regarding defendant NCBE, plaintiff alleges his constitutional rights are being violated because he is not being permitted to file as a candidate for the federal mid-term election in the second district of North Carolina. (Mot. for TRO and Amend (D.E. 11) at 1–3).

iii. Analysis

Plaintiff makes no specific claims against defendants Sapper and Hoekstra. Moreover, plaintiff does not make any claims against defendant Stephen Clark specifically but appears to rely on the doctrine of respondeat superior. The doctrine of respondeat superior generally does not apply to a § 1983 action. See Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Instead, to establish § 1983 supervisory liability, a plaintiff must show:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed " a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show " deliberate indifference to or tacit

4

authorization of the alleged offensive practices . . . " ; and (3) that there was an " affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted).

Here, plaintiff does not plausibly allege that defendant Stephen Clark had actual or constructive knowledge of any such "pervasive" conduct or that there was an "affirmative causal link" between his inactions and any alleged constitutional injury. See id. Accordingly, plaintiff fails to state a claim against defendants Sapper, Hoekstra, and Stephen Clark, and they are dismissed.

Regarding the claims against defendants TextBehind and NCBE, such claims should be brought in separate actions. Under Federal Rule of Civil Procedure 20(a)(2),

> [p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). In order to "promote trial convenience and expedite final determination of disputes," "[t]he transaction or occurrence test of the rule [] permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding." Saval v. BL Ltd., 710 F.2d 1027, 1031 (4th Cir. 1983). The court has discretion to "deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense, or delay." Aleman v. Chugach Support Servs., Inc., 485 F.3d 206, 218 n.5 (4th Cir. 2007); see also Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, as or drop a party.").

5

Case 5:21-ct-03311-M   Document 15   Filed 02/11/22   Page 5 of 8

The claims against defendants TextBehind and NCBE are unrelated to the claims brought in the original petition. While the underlying complaint largely addresses claims regarding petitioner's disciplinary hearing and retaliation related thereto, the claims against defendant TextBehind are based on the constitutionality of its contract with the state to process mail. (First Mot. Am. (D.E. 4) at 1–2, 7). Furthermore, the claims against defendant NCBE pertain to the constitutionality of plaintiff being prevented from running for office in the 2022 federal midterm elections. (Mot. for TRO and Amend (D.E. 11) at 1–3). Accordingly, plaintiff's claims against defendants TextBehind and NCBE are unrelated to the claims in the original complaint, and they are dismissed from the action.

Plaintiff's remaining claims are not clearly frivolous and survive initial review. Bell v. Wolfish, 441 U.S. 520, 535–37 (1979) ("[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law."); Adams v. Rice, 40 F.3d 72, (4th Cir. 1994) (providing that, to state a claim for retaliation, a plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right").

C.  Motion for Temporary Restraining Order and Preliminary Injunctive Relief (D.E. 11)

The court now turns to plaintiff's request for a temporary restraining order and preliminary injunction. Plaintiff seeks: (1) a stay of the filing period for the 2022 federal midterm elections for the United States House of Representatives until the resolution of the instant case; (2) an order ruling that defendant NCBE's requirements for running for federal office are unconstitutional; (3) an order allowing plaintiff to participate as a candidate in the 2022 federal midterm elections; (4) an order allowing defendant NCBE to be a party in this case; and (5) an order allowing a

6

supplemental pleading to be filed in this case. (Mot. for TRO and Amend (D.E. 11) at 13–14).

The standard for a temporary restraining order is the same as the standard for granting a preliminary injunction. See U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006) (noting that a temporary restraining order is distinguishable from a preliminary injunction only in duration). To obtain relief, plaintiff "must establish that [1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of . . . relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). Issuing an injunction "based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that only be awarded upon clear showing that the plaintiff is entitled to such relief. Id. at 22 (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997).

Here, plaintiff has not demonstrated a likelihood that he will succeed on the merits of his underlying complaint. Instead, plaintiff's motion focuses on the success of his claims against defendant NCBE for not being allowed to register as a candidate in the 2022 federal midterm elections. As noted above, this defendant is dismissed from the action. Therefore, the plaintiff's motion is denied.

D.   Motion for Writ of Mandamus (D.E. 13)

Lastly, the court addresses plaintiff's motion for a writ of mandamus, which the court construes as a motion to expedite. Plaintiff seeks to have the court rule on the motion for temporary restraining order and preliminary relief. Because the court addresses this motion herein, plaintiff's motion for a writ of mandamus is denied as moot.

7

## CONCLUSION

Based on the foregoing, plaintiff's motions to amend (D.E. 4) and for supplemental pleading and joinder of parties (D.E. 6, 11) are GRANTED. Plaintiff's motion for temporary restraining order and preliminary injunction (D.E. 11) is DENIED, and his motion for a writ of mandamus is DENIED AS MOOT. The court dismisses plaintiff's claims against defendants Sapper, Hoekstra, Stephen Clark, TextBehind, and NCBE. The court ALLOWS plaintiff's remaining claims to PROCEED. The court DIRECTS the clerk to continue management of the action pursuant to Standing Order 14-SO-02 and, if it becomes necessary, DIRECTS the United States Marshals Service to proceed with service of process pursuant to 28 U.S.C. § 1915(d). The court further DIRECTS the clerk to amend the docket as set forth in footnote one.

SO ORDERED, this the 11th day of February, 2022.

*Richard E. Myers II*
RICHARD E. MYERS, II
Chief United States District Judge