| | |
|---|---|
| SIDDHANTH SHARMA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DEMETRIUS CLARK, FELIX TAYLOR, ) | |
| DEAN HEFFERNAN, CHRISTOPHER ) | |
| ADAMS, TONY BETHEA, ) | |
| CHRISTOPHER QUICK, and BRIAN ) | |
| KERSTETTER, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. Before the court are plaintiff's motions for reconsideration and consolidation (D.E. 17, 19, 21, 22, 23), declaratory and injunctive relief (D.E. 24), emergency temporary restraining order ("TRO") (D.E. 25), and default judgment (D.E. 27).

A.   Motions for Reconsideration and Consolidation (D.E. 17, 19, 21, 22, 23)

Plaintiff seeks to have the court reconsider its ruling in its February 11, 2022, order dismissing formerly-named defendants TextBehind, North Carolina Board of Elections, and Stephen Jacobs ("Jacobs").[1] (Fifth Mot. for Recons. (D.E. 23) at 3–7).[2] Plaintiff also seeks to

---

[1]   Plaintiff corrects formerly-named defendant "Stephen Clark" to "Stephen Jacobs." (Fifth Mot. for Recons. (D.E. 23) at 4). Accordingly, the court will direct the clerk to correct "Stephen Clark" to "Stephen Jacobs" on the docket.

[2]   Plaintiff's five motions for reconsideration and consolidation are substantively the same except for the fifth motion. (See First Mot. for Recons. (D.E. 17); Second Mot. for Recons. (D.E. 19); Third Mot. for Recons. (D.E. 21); Fourth Mot. for Recons. (D.E. 22); Fifth Mot. for Recons. (D.E. 23)). The fifth motion is the most expansive including additional details and requests. (See Fifth Mot. for Recons. (D.E. 23)). Accordingly, the court only cites to the fifth motion for reconsideration.

have the instant case consolidated with Cawthorn v. Circosta, No. 5:22-CV-50-M (E.D.N.C.), and for the undersigned to reassign Sharma v. Circosta, No. 5:22-CV-59-BO (E.D.N.C.) to himself. (Fifth Mot. for Recons. (D.E. 23) at 2, 4, 7 8).

"[A] district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514 15 (4th Cir. 2003). Such reconsideration or modification is at the discretion of the district court. Id. at 515; see also Fed. R. Civ. P. 54(b) ("[A]ny order . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims."). "[A] court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) 'a subsequent trial produc[ing] substantially different evidence'; (2) a change in applicable law; or (3) clear error causing 'manifest injustice.' Carlson v. Boston Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017) (quoting Am. Canoe Ass'n, 326 F.3d at 515).

Regarding formerly-named defendants TextBehind and the North Carolina Board of Elections, plaintiff does not cite to any change in controlling law; raise newly discovered evidence; identify clear error in the court's prior orders; or show that the result was manifestly unjust. Accordingly, the court denies the motion as to these formerly-named defendants on the same basis provided in the court's February 11, 2022, order. (See Feb. 11, 2022, Ord. (D.E. 15) at 5–6).

Regarding formerly-named defendant Jacobs, plaintiff alleges he was placed in "maximum security lockdown" by Jacobs for complaining that his constitutional rights were being violated when defendant Steven Bethea confiscated plaintiff's legal mail, and Jacobs does not follow proper COVID-19 protocols. (Fifth Mot. for Recons. (D.E. 23) at 4–6). Without speaking to the merit

2

of the claims, the court finds plaintiff has stated a claim against formerly-named defendant Jacobs at this time. See Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016 (stating standard for Eighth Amendment conditions of confinement claim); Martin v. Duffy, 858 F.3d 239, 249 (4th Cir. 2017) (stating standard for retaliation claim). Thus, plaintiff's motion for reconsideration as to defendant Jacobs is granted.

The court next addresses plaintiff's motion for consolidation of the instant case with Cawthorn, No. 5:22-CV-50-M. The underlying complaint addresses claims related to plaintiff's disciplinary hearing, retaliation thereto, and COVID-19 protocols. (Compl. (D.E. 1) at 6–8). The underlying complaint in Cawthorn disputes the constitutionality of a North Carolina state law that allows qualified registered voters to file a challenge against candidates that do not meet qualifications for office. Cawthorn, No. 5:22-CV 50-M (Jan. 31, 2022). Thus, the allegations in the underlying complaints of the instant case and Cawthorn are unrelated, and the motion for consolidation is denied. See Fed. R. Civ. P. 42(a) (providing that the court may consolidate actions if the actions "involve a common question of law or fact").

The court now considers plaintiff's request for the undersigned to reassign Sharma, No. 5:22-CV-59-BO. Plaintiff contends that, as chief judge, the undersigned may handle the case on an expedited schedule. However, Sharma, No. 5:22-CV-59-BO, was dismissed on May 16, 2022. Therefore, the request us denied as moot.

Accordingly, plaintiff's motions for reconsideration and consolidation are granted in part and denied in part.

3

B.     Motion for Declaratory and Injunctive Relief (D.E. 24)

The court construes plaintiff's motion for declaratory and injunctive relief as a motion to amend adding the North Carolina Department of Public Safety ("NCDPS") as a defendant. Plaintiff alleges that NCDPS COVID-19 policies violate his constitutional rights. However, NCDPS is not a person amendable to suit pursuant to 42 U.S.C. § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). Thus, any amendment to the complaint adding NCDPS as a defendant is futile, and the motion is denied. See Laber v. Harvey, 438 F.3d 404, 426 27 (4th Cir. 2006) ("[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile."); see also Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 470 (4th Cir. 2011) ("Futility is apparent if the proposed amended complaint fails to state a claim.").

C.     Motion for TRO (D.E. 25)

The court now turns to plaintiff's request for TRO and preliminary injunction. Plaintiff seeks to have NCDPS cease mandating that inmates wear masks and take vaccines, among other measures, to limit the spread of COVID-19 among the prison population. (TRO Mot. (D.E. 25) at 2). Plaintiff argues that National Federation of Independent Business v. Department of Labor, OSHA, 142 S. Ct. 661 (2022), held such regulations to be unconstitutional. (Id. at 2–3).

The standard for a temporary restraining order is the same as the standard for granting a preliminary injunction. See U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006) (noting that a temporary restraining order is distinguishable from a preliminary injunction only in duration). To obtain relief, plaintiff "must establish that [1] he is likely to

4

succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of . . . relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). Issuing an injunction "based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that only be awarded upon clear showing that the plaintiff is entitled to such relief. Id. at 22 (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997).

Here, plaintiff has not demonstrated a likelihood that he will succeed on the merits of his underlying complaint. Instead, plaintiff's motion focuses on the success of his claims against NCDPS for policies mandating that inmates wear masks and be vaccinated. (See TRO Mot. (D.E. 25) at 2). As noted above, the court denies plaintiff's motion to join NCDPS as a defendant. Moreover, National Federation of Independent Business did not hold that the OSHA regulation of which plaintiff complains was unconstitutional, but instead granted a stay as to the regulation's enforcement. See 142 S. Ct. at 666-67. The case did not speak to individual states' authority to mandate COVID-19 regulations. Therefore, plaintiff's motion is denied.

D. Motion for Default (D.E. 27)

Lastly, the court considers plaintiff's motion for default. The clerk must enter a party's default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). However, "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).

"When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness,

5

the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204–05 (4th Cir. 2006). Generally, defaults should be avoided, and claims should be decided on their merits. Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010). Additionally, prior to entry of default, "[a] district court has discretion to grant an enlargement of time 'upon motion made after the expiration of the specified period . . . where the failure to act was the result of excusable neglect.'" Lovelace v. Lee, 472 F.3d 174, 203 (4th Cir. 2006) (quoting Fed. R. Civ. P. 6(b)).

Here, the court entered a text order on April 13, 2022, noting defendants had failed to file either (1) the signed waivers of service or (2) a response to the court as directed. The court directed the North Carolina Attorney General to file a response within seven days. On April 20, 2022, the waivers and a motion to deem waivers timely filed were filed. The court granted the motion to deem waivers timely, finding the April 13, 2022, deadline was missed as a product of excusable neglect. (May 26, 2022, Ord. (D.E. 38) at 1–2).

As noted, defendants responded within the extended deadline provided by the court. The deadline was missed due to staff changes within counsel's office and not through the fault of defendants themselves. (See Defs' Mot. (D.E. 28) ¶ 29). Moreover, defendants that had been served filed their answer on June 3, 2022, three days before the June 6, 2022, deadline. For these reasons, the motion for default is denied.

## CONCLUSION

Accordingly, plaintiff's motions for reconsideration and consolidation (D.E. 17, 19, 21, 22, 23) are GRANTED IN PART AND DENIED IN PART as provided above. The clerk is

6

DIRECTED to reinstate Stephen Jacobs as a defendant in this action. If it becomes necessary, the court DIRECTS the United States Marshals Service to proceed with service of process pursuant to 28 U.S.C. § 1915(d) as to defendant Stephen Jacobs.

Plaintiff's motions for declaratory and injunctive relief (D.E. 24), emergency temporary restraining order (D.E. 25), and default judgment (D.E. 27) are DENIED. The clerk is DIRECTED to amend the docket as provided in footnote one.

SO ORDERED, this 8th day of June, 2022.

*Richard E. Myers II*
RICHARD E. MYERS II
Chief United States District Judge