IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:21-CT-3311-M

| | |
|---|---|
| SIDDHANTH SHARMA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| DEMETRIUS CLARK, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Plaintiff's motion for sanctions [DE-50], motion for pretrial conference, [DE-55], and motion for pretrial conference and to seal, [DE-57], and Defendants' motion to extend case management deadlines, [DE-60]. For the reasons that follow, Plaintiff's motions are denied and Defendants' motion is allowed.

Plaintiff, an inmate proceeding *pro se*, after frivolity review of his complaint, was allowed to proceed on claims against prison administrators and officers stemming from a disciplinary hearing and alleged retaliation related thereto, alleged sexual assault, and alleged denial of legal mail. Feb. 11, 2022 Order [DE-15]. On a motion for reconsideration, the court allowed Plaintiff to proceed against Defendant Jacobs for retaliation and failure to follow proper Covid-19 protocols. June 9, 2022 Order [DE-43]. The court entered a Scheduling Order setting a discovery deadline of September 6, 2022 and a motions deadlines of October 6, 2022. [DE-42]. Plaintiff subsequently filed a motion asserting the court had misconstrued his claims, [DE-47], a motion for counterclaim, [DE-48], a second motion for counterclaim, [DE-51], a motion to add parties, [DE-52], two motions for supplemental briefing, [DE-53, -54], and a motion to recuse , [DE-56], which are pending ruling by the district judge.

Plaintiff seeks sanctions pursuant to Fed. R. Civ. P. 11 against defense counsel for asserting certain immunity defenses. Pl.'s Mot. [DE-50] at 1. Plaintiff also asserts defense counsel should be sanctioned pursuant to Fed. R. Civ. P. 37 for refusing to comply with discovery. *Id.* Plaintiff requests a hearing/pretrial conference. *Id.* at 2.

Plaintiff asserts that Defendants are state employees not public officials as defense counsel falsely claimed, and defense counsel is subject to sanctions for knowingly making a false statement. *Id.* at 2–4. "In essence, Rule 11 imposes a duty on attorneys to certify, on the basis of a reasonable inquiry, that any pleading or paper they file with a district court (1) is not filed 'for any improper purpose'; (2) is 'warranted by existing law'; and (3) alleges facts that 'have evidentiary support.'" *Lokhova v. Halper*, 30 F.4th 349, 354 (4th Cir. 2022) (citing Fed. R. Civ. P. 11(b)). The court may impose appropriate sanctions for violating Rule 11, after notice and opportunity to respond, to deter violative conduct. Fed. R. Civ. P. 11(c).

As a procedural matter, Plaintiff's motion fails to comply with the requirements of Rule 11(c)(2), which provides as follows:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Plaintiff's motion is one for sanctions not only under Rule 11, but also requests discovery sanctions under Rule 37, and a pretrial conference under Rule 16. Pl.'s Mot. [DE-50] at 5–8. Subsection (d) expressly states that Rule 11 it does not apply to discovery or motions under Rules 26 through 37. Thus, Plaintiff's Rule 11 motion is not "made separately from any other motion," and does not comply with Rule 11(c)(2). It also appears that Plaintiff failed to comply with the second part

of Rule 11(c)(2), by serving the motion on defense counsel but not filing or presenting it to the court for 21 days. In addition to these procedural deficiencies, Plaintiff's motion also fails on the merits.

Plaintiff takes issue with two affirmative defenses asserted by Defendants, that they are entitled to qualified immunity and to public official immunity, Answer [DE-41] at 4, and contends defense counsel falsely asserted Defendants were entitled to these defenses as public officials knowing they were unelected state employees and not public officials. Pl.'s Mot. [DE-50] at 1–5.

"Qualified immunity shields government officials performing discretionary functions from personal-capacity liability for civil damages under § 1983, 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292, 306 (4th Cir. 2006) (citations omitted). The Supreme Court has recognized that state prison officials and officers may rely on a qualified immunity defense. *See Procunier v. Navarette*, 434 U.S. 555, 561 (1978); *Richardson v. McKnight*, 521 U.S. 399, 414 (1997) ("[S]tate prison officials, including both supervisory and subordinate officers, are entitled to qualified immunity in a suit brought under 42 U.S.C. § 1983.") (citing *Procunier*, 434 U.S. 555). Thus, Defendants' assertion of a qualified immunity defense has support in existing precedent, and Rule 11 sanctions are not warranted. *See Lokhova*, 30 F.4th 354 (explaining that "a sanctionable legal argument must have 'absolutely no chance of success under the existing precedent.'").

Under North Carolina law, public official immunity precludes state law claims against public officials in their individual capacities "unless the challenged action was (1) outside the scope of official authority, (2) done with malice, or (3) corrupt." *Wilcox v. City of Asheville*, 222 N.C. App. 285, 288, 730 S.E.2d 226, 230 (2012) (citation omitted). "Public officials cannot be

3

held individually liable for damages caused by mere negligence in the performance of their governmental or discretionary duties," but instead are liable only where their actions were "corrupt or malicious, or . . . outside of and beyond the scope of [their] duties." *Meyer v. Walls*, 347 N.C. 97, 112, 489 S.E.2d 880, 888 (1997). The North Carolina Court of Appeals has found that a state prison correctional officer and superintendent were entitled to public official immunity for alleged violations of state statutes and prison regulations. *See Price v. Davis*, 132 N.C. App. 556, 562, 512 S.E.2d 783, 787 (1999); *see also Farrell, ex rel. Farrell v. Transylvania Cnty. Bd. of Educ.*, 199 N.C. App. 173, 178, 682 S.E.2d 224, 229 (2009) (discussing *Price* and explaining that North Carolina statute creates the Department of Correction and its duty to provide supervision of criminal offenders, which is delegated to prison guards who exercise discretion in carrying it out). Thus, Defendants' assertion of a public immunity defense has support in existing precedent and provides no grounds for Rule 11 sanctions.

Turning to Plaintiff's request for discovery sanctions, Plaintiff contends he sent several emails to defense counsel so that he can depose Defendants, and defense counsel never responded to the emails but sent a physical letter to Plaintiff stating she would only communicate by postal letter. Pl.'s Mot. [DE-50] at 5. Defense counsel is under no obligation to communicate with Plaintiff or accept service of papers by email absent her consent in writing to do so. *See* Fed. R. Civ. P. 5(b)(2)(E). Furthermore, the precise nature of the discovery dispute is not evident from Plaintiff's motion. Under Local Civil Rule 7.1(c),

> No discovery motion will be considered by the court unless the motion sets forth or has attached thereto, by item, the specific question, interrogatory, etc., with respect to which the motion is filed, and any objection made along with the grounds supporting or in opposition to the objection. Counsel must also certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions.

4

Plaintiff has not sufficiently outlined or provided any specific discovery requests or any objection thereto, and the court cannot determine whether Defendants have failed to comply with their discovery obligations. Thus, discovery sanctions are not warranted.

Next, Plaintiff requests a hearing/pretrial conference. Pl.'s Mot. [DE-50] at 6–8. Plaintiff also filed two motions seeking the same, and essentially wants to be heard on the subjects of his pending motions. Pl.'s Mot. [DE-55] at 2–5; Pl.'s Mot. [DE-57] at 1–4. The court, in its discretion, finds a hearing is unnecessary to the disposition of the motions addressed in this order, *see* Local Civ. R. 7.1(j), and a pretrial conference would not achieve the goals of Rule 16(a) or be productive at this time and is, thus, premature.

Plaintiff also asks the court to seal his second motion for pretrial conference. Pl.'s Mot. [DE-57] at 1. "[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (internal footnote omitted). To determine whether records should be sealed, the court must follow the procedure established in *In re Knight Publishing Company*. The court must first provide public notice of the request to seal and allow the interested parties a reasonable opportunity to object. 743 F.2d 231, 235–36 (4th Cir. 1984). Second, the court considers less drastic alternatives, such as redaction of any sensitive material. *Id.* at 235–36. Then, if the court determines that public access should be denied, the court must provide specific reasons and factual findings supporting the decision to seal. *Id.*

It is unclear on what grounds Plaintiff seeks to seal his motion. There are publicly available inmate profiles attached to the motion but they are heavily redacted leaving visible only non-confidential information, [DE-57-1] at 7–17, and the court can discern no information in the motion itself that merits sealing. Accordingly, the court cannot find that the public access should

5

Case 5:21-ct-03311-M Document 61 Filed 10/11/22 Page 5 of 6

be denied and declines to seal the motion. Under Local Civil Rule 79.2(b)(3), where a motion to seal is denied, the document remains sealed and the court will not consider the document. The court notes that the relief sought in the motion is duplicative of the relief sought in the other two motions considered herein. However, should Plaintiff desire the court to consider the motion as a publicly filed document, he must refile his motion as a public document within fourteen (14) days of the date of this order.

Finally, Defendants request the court extend case deadlines pending ruling on Plaintiff's outstanding motions. [DE-60]. The court finds good cause to stay this matter pending resolution of Plaintiff's other pending motions. Accordingly, this matter is stayed and case deadlines will be addressed after the court rules on Plaintiff's remaining pending motions.

Accordingly, Plaintiff's motion for sanctions, [DE-50], is denied; Plaintiff's motion for pretrial conference, [DE-55], is denied; the court will not consider Plaintiff's motion for pretrial conference, where the request to seal that motion is denied, [DE-57]; and Defendants' motion to extend case management deadlines, [DE-60], is allowed, and the case is stayed pending resolution of Plaintiff's outstanding motions.

SO ORDERED, this the 11 day of October, 2022.

Robert B. Jones, Jr.
United States Magistrate Judge