IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:21-CT-3311-M

| | | |
|---|---|---|
| SIDDHANTH SHARMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DEMETRIUS CLARK, FELIX TAYLOR, | ) | |
| DEAN HEFFERNAN, CHRISTOPHER | ) | |
| ADAMS, TONY BETHEA, | ) | |
| CHRSTOPHER QUICK, BRIAN | ) | |
| KERSTETTER, and STEPHEN JACOBS, | ) | |
| | ) | |
| Defendants.[1] | ) | |

This matter is before the court on plaintiff's motions to stay (D.E. 70), "for amended/supplemental brief, reconsideration, add parties, motion to exceed word count" ("first motion to amend") (D.E. 73), "for Amended/Supplemental Brief, Motion to Exceed Word Count, Discovery, STAY of Proceedings" ("second motion to amend") (D.E. 86), and to seal (D.E. 88).

The court first addresses plaintiff's motions to stay and to exceed word count. Plaintiff's motions to exceed word count are granted. Regarding his motions to stay, plaintiff seeks a stay pending the resolution of <u>Sharma v. Buffaloe</u>, No. 5:21-HC-2065 (E.D.N.C.), and the court's ruling on his first motion to amend. (Mot. to Stay (D.E. 70) at 1; Second Mot. to Am. (D.E. 86) at 62–63). Where judgment dismissing <u>Sharma v. Buffaloe</u> had been entered dismissing the case, No. 21-HC-2065 (Mar. 3, 2023), and the court addresses the first motion to amend herein, the

---

[1] The following defendants were dismissed by court order on February 11, 2022: John Sapper, Casandra Skinner Hoekstra, TextBehind, LLC, and North Carolina Board of Elections.

1

motions are denied as moot. Where plaintiff appears to request the undersigned to reassign Sharma v. Circosta, No. 5:22-CV-59-BO, to his caseload, the court declines such a request. (See Mot. to Stay (D.E. 70) at 12).

The court next addresses plaintiff's motions to amend and request to reopen discovery. Plaintiff's first motion to amend seeks to add parties. (See First Mot. to Am. (D.E. 73) at 2–9). Plaintiff requires leave of the court to amend. Fed. R. Civ. P. 15(a)(2). A court should freely grant leave to amend a complaint unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would [be] futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (quotation omitted); see Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986) ("Leave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face.").

When considering whether to grant a motion to amend to join additional parties, the court "must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a)." Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 618 (4th Cir. 2001). "[S]atisfying the joinder requirements is necessary to the court's subject matter jurisdiction under 28 U.S.C. § 1367(a)." Id. "Rule 20(a) permits the joinder of parties if they claim relief arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these persons will arise in the action." Id. (quotation omitted); see Fed. R. Civ. P. 20(a)(1).

These claims fail to satisfy the criteria for permissive joinder because they are factually distinct from claims that were allowed to proceed in this action. See Fed. R. Civ. P. 20(a)(2);

2

Aleman v. Chugach Support Servs., Inc., 485 F.3d 206, 218 n.5 (4th Cir. 2007) (discussing purpose of permissive joinder of parties under Fed. R. Civ. P. 20); see also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348, 1350–51 (9th Cir. 1997).

Plaintiff's second motion to amend was not timely filed. (Second Mot. to Am. (D.E. 86)). Under Local Rule 7.1(a):

> All motions in civil cases except those relating to the admissibility of evidence at trial must be filed on or before 30 days following the conclusion of the period of discovery. If an extension of the original period of discovery is approved by the court, the time for filing motions is automatically extended to 30 days after the new date unless otherwise ordered by the court.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)' s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party." Stonecrest Partners, LLC v. Bank of Hampton Roads, 770 F. Supp. 2d 778, 784 (E.D.N.C. 2011) (quoting Montgomery v. Anne Arundel County, 182 Fed. Appx. 156, 162 (4th Cir. 2006)); see also Cook v. Howard, 484 F. App'x 805, 815 (4th Cir. 2012) ("'Good cause' requires 'the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence,' and . . . 'the good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule.'" (alterations in original) (quoting 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil § 1522.2 (3d ed. 2010))). "[T]he movant must demonstrate that the reasons for the tardiness of his motion justify a departure from the rules set by the court in its scheduling order." United States v. Godwin, 247 F.R.D. 503, 506 (E.D.N.C. 2007) (internal quotation marks omitted).

3

After extension of the discovery deadline, discovery closed February 6, 2023. Plaintiff did not file the second motion to amend until June 20, 2023, well over 30 days after discovery closed. Therefore, plaintiff's second motion to amend is denied. Plaintiff's request to reopen discovery is also denied as untimely.

Plaintiff appears to seek reconsideration of the court's dismissal of formerly-named defendant TextBehind, LLC. (First Mot. to Am. (D.E. 73) at 6–7). "Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment[,]" but instead are "committed to the discretion of the district court." American Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003). A court may revise an interlocutory order under the following three circumstances: (1) a subsequent trial produces substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice. See Carlson v. Boston Scientific Corp., 856 F.3d 320, 325 (4th Cir. 2017).

The court has considered the motion for reconsideration under the governing standard. For the same reasons noted in the court's December 7, 2022, order, the motion for reconsideration is denied.

Lastly, the court addresses plaintiff's motion to seal. Plaintiff's motion is not the model of clarity, but it appears plaintiff seeks to seal the actual motion to seal filed at docket entry 88. (See Mot. to Seal (D.E. 88) at 5). The motion also appears to provide extended arguments in support of plaintiff's second motion to amend. (See id. at 5–35). The motion does not contain confidential information, and the court finds there is not information contained in either that merits sealing. See Doe v. Public Citizen, 749 F.3d 246, 266-67 (4th Cir. 2014) (providing standard for sealing

4

court documents). Thus, the motion to seal is denied. "If [a] motion to seal is denied, the document will remain under seal," and "[t]he document will not be considered by the court." Local Civ. R. 79.2(b)(3).

## CONCLUSION

Based the reasons stated above, plaintiff's motions to exceed word count (D.E. 73, 86) are GRANTED. Plaintiff's motions to stay (D.E. 70, 86) are DENIED AS MOOT. Plaintiff's motions to amend (D.E. 73, 86), for reconsideration (D.E. 73), to reopen discovery (D.E. 86), and to seal (D.E. 88) are DENIED. The clerk is DIRECTED to maintain docket entry 88 as a proposed sealed document.

SO ORDERED, this 28th day of September, 2023.

RICHARD E. MYERS II
Chief United States District Judge