IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:21-CT-3311-M

SIDDHANTH SHARMA,                )
                                 )
        Plaintiff,                )
                                 )
    v.                            )         ORDER
                                 )
DEMETRIUS CLARK, et al.,          )
                                 )
        Defendants.               )

This matter is before the court on plaintiff's motion for partial reconsideration and to stay [D.E. 93].[1] The court also considers plaintiff's other requests listed in the body of the motion. Defendants did not respond to the motion.

Plaintiff seeks the following: 1) reconsideration of the denial of the motion to amend to include additional defendants who allegedly interfered with plaintiff's legal mail; 2) reopening of discovery; 3) authorization to sue defendants in their individual capacities; 4) pursuant to Federal Rule of Civil Procedure 54(b) and 28 U.S.C. § 1292(b), certification of an interlocutory appeal; 5) attorneys' fees; 6) reopening of the issue of qualified immunity; and 6) a stay allowing for the addition of defendants and claims against defendants in their individual capacity, as well as reopening of discovery. (Mot. [D.E. 93] at 1–2).

---

[1] Also before the court is defendants' motion for summary judgment [D.E. 82], which will be addressed by separate order.

1

A.   Modification of Court's February 11, 2022, Order

The court's February 11, 2022, order dismissed formerly-named defendants John Sapper, Cassandra Skinner Hoekstra, TextBehind, and North Carolina Board of Elections. (Feb. 11, 2022, Ord. [D.E. 15] at 8). In clerical error, the order does not specify whether the defendants were dismissed with or without prejudice. Thus, the court modifies the order to provide that these defendants were dismissed without prejudice. See Fed. R. Civ. P. 60(a).

B.   Qualified Immunity and Individual Capacity Claims

First, regarding plaintiff's request to reopen the issue of qualified immunity, the court has not yet addressed the issue. Should the issue arise, the court will make the relevant determination at that time. Additionally, because defendants did not oppose the instant motion, the court will consider plaintiff's claims against defendants in their individual capacities.

C.   Attorneys' Fees

The court next addresses plaintiff' request for attorneys' fees. Because plaintiff proceeds pro se, the attorney's fees provision of 42 U.S.C. § 1988 is inapplicable. See Vaughan v. Foltz, No. 2:16-CV-61-FL, 2017 WL 4872484, at *9, n.12 (E.D.N.C. Oct. 27, 2017) (finding that, even as a "prevailing party," a pro se plaintiff is precluded from receiving attorney's fees under § 1988 (citing Kay v. Ehrler, 499 U.S. 432, 438 (1991))), aff'd, 825 F. App'x 131 (4th Cir. 2020). Plaintiff argues he should be awarded attorneys' fees because the instant action is brought on a constitutional basis and not a statutory basis. Plaintiff's argument is nonsensical where this action was brought pursuant to 42 U.S.C. § 1983. Section 1988 directly addresses attorneys' fees in § 1983 actions. Accordingly, plaintiff's request is denied because he is pro se.

2

D.  Request for Certification of Appeal

The court now considers plaintiff's request for certification of an interlocutory appeal for the orders denying plaintiff's request to add TextBehind as a defendant in this matter. Plaintiff seeks certification pursuant to Federal Rule of Civil Procedure 54(b) and 28 U.S.C. § 1292(b).

1.  Legal Standard

"When an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b); see also Penn-Am. Ins. Co. v. Mapp, 521 F.3d 290, 296 (4th Cir. 2008) ("Such a Rule 54(b) certification is, of course, appropriate only where the district court, in its discretion, determines that one or more but fewer than all claims are final, and that there is no just reason to delay an appeal."). "The burden is on the party endeavoring to obtain Rule 54(b) certification to demonstrate that the case warrants certification." Braswell Shipyards, Inc. v. Beazer E., Inc., 2 F.3d 1331, 1335 (4th Cir. 1993) (citation omitted). Certification pursuant to Rule 54(b) is disfavored in the Fourth Circuit. Lyles v. Popkin, 36 F.3d 1093, 1093 (4th Cir. 1994); see also Curtiss–Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8, 10 (1980) (stating that "application of the Rule [must] effectively preserve[] the historic federal policy against piecemeal appeals").

"To determine whether to grant a Rule 54(b) determination, the district court must decide whether three prerequisites for immediately appealable partial judgment exist: (1) multiple claims or parties must be fully resolved; (2) there is no just cause for delay; and (3) judgment is entered as to one claim or party." Huggins v. N.C. Dep't of Admin, No. 5:10-CV-414-FL, 2011 WL 5439091, at *2 (E.D.N.C. Nov. 9, 2011) (citing Fed. R. Civ. P. 54(b)). Five factors guide the

3

district court's determination of whether there is no just reason for delay in the entry of judgment. MCI Constructors, LLC v. City Of Greensboro, 610 F.3d 849, 855 (4th Cir. 2010). The court is to examine "(1)the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." Id.

Section 1292(b) states:

> When a district judge . . . shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

The Fourth Circuit has warned that "§ 1292(b) should be used sparingly" and "its requirements must be strictly construed." Myles v. Laffitte, 881 F.2d 125, 127 (4th Cir. 1989). Additionally, "piecemeal review of decisions that are but steps toward final judgments on the merits are to be avoided, because they can be effectively and more efficiently reviewed together in one appeal from the final judgments." James v. Jacobson, 6 F.3d 233, 237 (4th Cir. 1993)

> To succeed on a motion under section 1292(b), a movant must show (1) a controlling question of law as to which there is a substantial ground for difference of opinion, (2) that the order may materially advance the ultimate termination of the litigation, and (3) that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after entry of a final judgment.

4

Karanik v. Cape Fear Acad., No. 7:21-CV-169-D, 2022 WL 16556774, at *4 (E.D.N.C. Oct. 31, 2022) (citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978), superseded in part on other grounds by Fed. R. Civ. P. 23(f)); see also Fannin v. CSX Transp., Inc., 873 F.2d 1438 (Table), 1989 WL 42583, at *1–2 (4th Cir. 1989). Exceptional circumstances exist when an "interlocutory appeal[] . . . would avoid protracted and expensive litigation." Fannin, 1989 WL 42583, at *2.

A movant must provide "a statement of the precise nature of the controlling question of law involved." Fannin, 1989 WL 42583, at *2; see also Stillwagon v. Innsbrook Golf & Marina, LLC, No. 2:13-CV-18-D, 2014 WL 5871188, at *9 (E.D.N.C. Nov. 12, 2014). "[T]he kind of question best adapted to discretionary interlocutory review is a narrow question of pure law whose resolution will be completely dispositive of the litigation." Fannin, 1989 WL 42583, at *5; see also Karanik, 2022 WL 16556774, at *4. "Conversely, a question of law would not be controlling if the litigation would necessarily continue regardless of how that question were decided," and "the substantial ground for a difference of opinion must arise out of a genuine doubt as to whether the district court applied the correct legal standard in its order." Wyeth v. Sandoz, Inc., 703 F. Supp. 2d 508, 525, 527 (E.D.N.C. 2010) (internal quotation marks omitted); see also McFarlin v. Conseco Services, LLC, 381 F.3d 1251, 1259 (11th Cir. 2004) ("The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case. In determining whether to grant review, we should ask if there is substantial dispute about the correctness of any of the pure law premises the district court actually applied in its reasoning leading to the order sought to be appealed."); Feinberg v. T. Rowe Price Grp., Inc., No. CV JKB-17-0427, 2021 WL

2784614, at *2 (D. Md. July 2, 2021) (providing a "'controlling question of law' is typically a question as to the 'meaning of a statutory or constitutional provision, regulation, or common law doctrine,' as opposed to a 'question of law heavily freighted with the necessity for factual assessment.'" (quoting Butler v. DirectSAT USA, LLC, 307 F.R.D. 445, 452 (D. Md. Apr. 29, 2015))).

2. Analysis

Here, the court first addresses certification pursuant to Federal Rule of Civil Procedure 54(b). The court's February 11, 2022, order dismissing formerly-named TextBehind is not the ultimate disposition of claims against TextBehind where, as stated above, such claims were dismissed without prejudice. See Braswell Shipyards, Inc., 2 F.3d at 1335 (providing that a judgment is final when an order is an "ultimate disposition of an individual claim entered in the course of a multiple claims action"); McNeilly v. Norman, No. 1:17-cv-00286-MR-DLH, 2018 WL 4924553, at *3 (W.D.N.C. Oct. 10, 2018) (finding an order did not constitute an ultimate disposition where claims were dismissed without prejudice). Further, certification of the appeal is not judicially efficient where resolution of the alleged claims against TextBehind would not advance the termination of the instant litigation against defendants remaining before the court in this action.

The court also declines to certify an appeal pursuant to § 1292(b). Plaintiff makes no showing that there is a substantial ground for difference of opinion, the appeal would materially advance litigation, or exceptional circumstances exist. (See Pl. Mot. [D.E. 93] at 8). Instead, plaintiff merely appears to disagree with the court's determination that TextBehind should not be added as a defendant in the instant case. However, the belief an issue was decided wrongly is

6

insufficient to support certification for appeal. See Karanik, 2022 WL 16556774, at *5; Nat'l Interstate Ins. Co. v. Morgan & Sons Weekend Tours, Inc., No. 1:11CV1074, 2016 WL 1228622, at *2 (M.D.N.C. Mar. 28, 2026); Butler, 307 F.R.D. at 454–55.

Plaintiff argues the court should certify an interlocutory appeal because he lacks standing to bring claims against TextBehind now that he has been released. (Pl. Mot. [D.E. 93] at 8). However, plaintiff misunderstands the concept of standing. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (listing required showings to demonstrate standing). Should plaintiff lack standing to bring a claim against TextBehind in a separate action, he would also lack standing to bring such claims in the instant action. See id.; Harty v. Luihn Four, Inc., 747 F.Supp.2d 547, 551–52 (E.D.N.C.2010) (citing City of Los Angeles v. Lyons, 461 U.S. 95 (1983)). For the reasons stated above, plaintiff's request for certification is denied.

E.  Reconsideration of Court's September 28, 2023, Order

1.  Legal Standard

Pursuant to Federal Rule of Civil Procedure 54(b):

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Compared to motions for reconsideration of final judgments, "Rule 54(b)'s approach involves broader flexibility to revise *interlocutory* orders before final judgment as the litigation develops and new facts or arguments come to light." Carlson v. Boston Scientific Corp., 856 F.3d 320, 325 (4th Cir. 2017); see also American Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003) ("Motions for reconsideration of interlocutory orders are not subject to the strict

7

standards applicable to motions for reconsideration of a final judgment."). However, a court may revise an interlocutory order only in the following circumstances: (1) a subsequent trial produces substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice. Carlson, 856 F.3d at 325.

2. Analysis

Specifically, plaintiff seeks reconsideration of the denial of the motions to amend [D.E. 73, 86] to include additional defendants who allegedly interfered with plaintiff's legal mail. (Pl. Mot. [D.E. 93] at 3–4). Plaintiff asserts Sergeant Hester ("Hester") and Assistant Unit Manager Harrison ("Harrison") confiscated portions of plaintiff's legal mail between October 10 and 24, 2022. (Pl. Mot. to Am. [D.E. 86] at 12). Plaintiff was told the documents were a fire hazard, and the order was coming from a superior. (Id. at 7). Importantly, plaintiff states the legal documents were "Habeas Material[s]." (Id. at 13).

Nothing in plaintiff's motions indicate that the confiscated documents or Hester's and Harrison's actions were related to the instant action. Plaintiff posits defendant Stephen Jacobs ("Jacobs") ordered the confiscation of the documents. (Id. at 7). However, plaintiff's purely speculative allegation does not relate any such order to the claims in the instant case. The court has previously allowed plaintiff to include claims of retaliation against defendant Jacobs when Jacobs allegedly retaliated against plaintiff because plaintiff reported, in part, that defendant Steven Bethea had confiscated plaintiff's legal mail. (June 9, 2022, Ord. [D.E. 43] at 2). Plaintiff makes no allegations of retaliation in the motion to amend.

Plaintiff's claims that Hester and Harrison confiscated his legal mail fail to satisfy the criteria for permissive joinder because they are factually distinct from claims that were allowed to

8

proceed in this action. See Fed. R. Civ. P. 20(a)(2); Aleman v. Chugach Support Servs., Inc., 485 F.3d 206, 218 n.5 (4th Cir. 2007) (discussing purpose of permissive joinder of parties under Fed. R. Civ. P. 20); see also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348, 1350- 51 (9th Cir. 1997). Accordingly, the court finds it did not err in its previous order, and plaintiff's motion for reconsideration is denied.

F.      Request for Reopening Discovery and for Stay

Plaintiff seeks to reopen discovery in order for him to conduct a deposition of a fellow inmate that observed Hester and Harrison confiscating his legal mail. (Pl.'s Mot. [D.E. 93] at 6). As stated above, the court has denied plaintiff's motion to reconsider adding claims against Hester and Harrison for allegedly confiscating plaintiff's legal mail. Furthermore, discovery closed on February 7, 2023, and plaintiff did not make a timely motion for extension of time. For these reasons, plaintiff's request to reopen discovery is denied. See Fed. R. Civ. P. 6(b).

Regarding plaintiff's request for stay, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 127 (4th Cir. 1983). When considering a motion to stay, a court must balance "various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." Maryland v. Universal Elections, Inc., 729 F.3d 370, 375 (4th Cir. 2013) (internal quotation marks omitted).

9

Plaintiff seeks a stay allowing for the addition of Hester and Harrison as defendants and claims against defendants in their individual capacity, as well as reopening of discovery. (Pl. Mot. [D.E. 93] at 9). However, he does not explain how such circumstances require a stay. Plaintiff has not provided clear and convincing evidence justifying a stay, and the request is denied.

## CONCLUSION

Based the reasons stated above, the court's February 11, 2022, order is MODIFIED to provide that formerly-named defendants John Sapper, Cassandra Skinner Hoekstra, TextBehind, and NCBE were DISMISSED WITHOUT PREJUDICE. Plaintiff's motion for partial reconsideration and to stay [D.E. 93] is GRANTED IN PART AND DENIED IN PART as explained above.

SO ORDERED, this 9th day of January, 2024.

RICHARD E. MYERS II
Chief United States District Judge